UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JONATHAN KIMBERLY, <br> a/k/a Jonathan Kourtney, <br><br> Plaintiff <br><br> v. <br><br> KIM KARDASHIAN, et al., <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> )   2:12-cv-00196-DBH <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDED DECISION**

Jonathan Kimberly, who also apparently calls himself Jonathan Kourtney, has filed two motions for preliminary injunction/temporary restraining orders directed at Kim Kardashian, Khloe Kardashian, Kris Jenner, and Chris Humphries. He has also filed two motions to proceed in forma pauperis. Because the record demonstrates that this litigation is frivolous, I recommend that the Court deny the motion to proceed in forma pauperis and summarily dismiss the pending motions. I note that Plaintiff, whose real name does not necessarily appear of record, has not yet filed an underlying complaint as directed by my order to show cause. Based upon my research into Plaintiff's filings, I conclude that he would be unable to file a complaint that validly stated a cause of action, even if given more time to do so.

**The Maine Allegations**

Plaintiff began this litigation on June 20, 2012, by filing what he calls a "preliminary injunction/restraining order" stating that he faces imminent danger and bodily harm from Kim Kardashian, Khloe Karashian, and Kris Jenner. In August 2011, Plaintiff alleges he was at the Maine Lobster Festival when Kim Kardashian assaulted him with a lobster which pinched his nose. Kardashian allegedly then assaulted him with a frying pan filled with sea scallops and

lemon butter. Jenner allegedly then instructed Khloe Kardashian to hit Plaintiff in the head with the frying pan. According to Plaintiff, the defendants filmed the entire assault and plan to air it on the E! Network. He wants a restraining order to prevent the airing of such an episode. He claims to reside at 7950 Jones Branch Drive, McLean, Virginia. According to an internet search, 7950 Jones Branch Drive is the corporate headquarters for Gannett/USA TODAY, http://www.hines.com/property/detail.aspx?id=161.

Plaintiff's second motion, filed under the name of Jonathan Kourtney,[1] alleges that he is a Norwegian citizen and that he entered the United States on April 20, 2012. At that time Kim Kardashian and Chris Humphries were waiting for him and said derogatory things. Kim Kardashian took his luggage and ran off with it and is wearing his clothing on the E! Network show. In this pleading, Plaintiff seeks the return of his luggage and passport. The second motion lists an address of 123 South Broad Street, Philadelphia, Pennsylvania. An internet search reveals that building is an 892,282 square foot historic landmark building in Philadelphia's central business district, http://www.sshrealestate.com/portfolio/2.

### The Kentucky Allegations

Jonathan Kimberly filed a complaint June 21, 2012, in the same format as this pleading, i.e., a request for preliminary injunction/temporary restraining order against Kim, Khloe, and Kourtney Kardashian, in the Western District of Kentucky, <u>Kimberly v. Kardashian</u>, 1:2012-cv-00095-TBR (W.D. Ky.). In that case Kimberly claims he was attacked at a car wash in Bowling Green, Kentucky and that the Kardashians plan to air the assault on E! Network.

### The Tennessee Allegations

This pleading was also filed on June 21, 2012, once more seeking a temporary restraining order. The same trio as alleged in the Kentucky case is alleged to have assaulted the plaintiff at

---

[1] Note that the Plaintiff's surnames coincide with the names of two of the Kardashian sisters' first names.

the Chattanooga ChooChoo on April 20, 2012.  Kimberly v. Kardashian, 1:2012-mc-00028 (W.D. Tn.).

### The West Virginia Allegations

This case was opened on June 25, 2012, and involves an incident allegedly taking place at the Days Inn in Clarksburg, West Virginia.  Plaintiff claims he was attacked by Kim Kardashian, Kris Humphries, and Myla Sinanaj and forced to observe sexual acts.  Charlie Sheen makes a guest appearance in these pleadings, but is not named as a defendant.  Kimberly v. Kardashian, 1:2012-cv-00105 (N.D. W.Va.).

### The Florida Allegations

A PACER inquiry reveals that Kimberly filed a case in the northern district of Florida on June 26, 2012, but that the pleadings had not yet been scanned and uploaded to the docket.  In re Kimberly, 4:2012-cv-00314 (N.D. Fl.).

### DISCUSSION

With respect to an in forma pauperis action such as this, the United States Congress has directed: "[T]he court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  Neitzke v. Williams, 490 U.S. 319, 324 (1989); see also Mallard v. U.S. Dist. Ct. S. D. Iowa, 490 U.S. 296, 307-308 (1989) ("Section 1915(d) [now § 1915e(2)(B)(i)], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but

3

there is little doubt they would have power to do so even in the absence of this statutory provision.").

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). In this case Kimberly has crossed the frivolity threshold and filed wholly incredible pleadings. In my view any benefit of the doubt that might have been accorded to Plaintiff after his first noncompliant filing evaporated when he filed the second document under the surname of Kourtney. It appears highly probably that both Plaintiff's names and his addresses are fictional. Furthermore, ten minutes of research on PACER reveals that similar pleadings have been filed in other courts throughout the country by one Jonathan Kimberly. This Court's limited judicial resources should not be wasted on someone's attempt to obtain publicity or otherwise entertain themselves by invoking the cult of celebrity. If Kimberly is a real person who actually lives at one of the addresses he has given and truly believes in the truth of his allegations of repeated attacks by these various celebrities, then it appears the work of an irrational mind. If, as the record seems to indicate, the Plaintiff thinks himself too clever by half, then factual frivolousness is an even more appropriate finding. In either event I recommend that the Court deny the motion to proceed in forma pauperis and summarily dismiss this action from the docket, cautioning the Plaintiff that further filings could lead to sanctions from the Court.[2]

---

[2] It is especially troubling to me that the Plaintiff has submitted two documents in the form of applications to proceed in forma pauperis which have been signed under penalty of perjury, using the names of both Jonathan Kimberly and Jonathan Kourtney.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 28, 2012                              /s/ Margaret J. Kravchuk
                                           U.S. Magistrate Judge